UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN SIMS, ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| vs. ) | 1:07-cv-338-LJM-JMS |
| ) | |
| THE KROGER CO., d/b/a ) | |
| CROSSROAD FARMS DAIRY, ) | |
|     Defendant/Counter-Plaintiff. ) | |

**ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This cause is now before the Court on defendant's, Kroger Limited Partnership II,[1] d/b/a Crossroads Farms Dairy ("Kroger"), Motion for Partial Summary Judgment on plaintiff's, John Sims ("Sims"), allegations under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Sims complains that Kroger violated his rights under the FMLA by terminating his employment on August 18, 2006,[2] after he submitted medical documentation requesting medical leave. Sims claims that his groin injury and its disabling effects entitled him to FMLA leave.

For the reasons stated herein, the Court GRANTS Kroger's Motion for Partial Summary Judgment.

---

[1] Kroger Limited Partnership II, the correct legal entity in this suit, was incorrectly named in plaintiff's original Complaint as "The Kroger Company."

[2] The termination date of August 18, 2006, does not seem to be in dispute despite the fact that the Complaint alleges that the termination date was August 4, 2006.

## I. BACKGROUND

Sims is a member of Teamsters Local 135 ("Union"). The applicable Collective Bargaining Agreement ("CBA") provides for a no fault absence policy that subjects an employee to discharge on the sixth defined occurrence. Each day an employee is absent counts as an occurrence, regardless of the reason for the absence. An employee may reduce his or her number of occurrences by one for each thirty day period worked without an absence. Through mid-July 2006 Sims had accrued four official occurrences having had several removed by operation of the policy. He was absent on August 1, 2006, and that absence was treated as the fifth occurrence. His absence on August 4, 2006, was treated by Kroger as the sixth occurrence and he was discharged therefore. Wason Aff. ¶¶ 7-33.

Sims' normal working hours were from 3:30 p.m. to midnight. On July 31, 2006, Sims injured his groin. He reported his injury to a supervisor, filled out an Employee Report of Accident, and assisted his supervisor in filling out an "Associates Report of Accident" pursuant to Kroger policy. He was sent to Methodist Occupational Health Centers, Inc. ( the "Clinic"). He saw Dr. Rosenbaum who recommended over-the-counter ibuprofen and who authorized him to return to work with restrictions on squatting or bending at the knees and lifting more than ten pounds. Sims Dep. Ex. 15.

Sims returned to work and was permitted to clock out fifty minutes early. Sims' next work day was to be August 1, 2006. Sims saw his personal physician, Dr. Rice, that day and was advised to take the day off. His doctor told him that he could return to work the next day, August 2, without restriction. Sims called in sick for August 1, 2006, and received a fifth occurrence through the Kroger no-fault policy.

Sims returned to work August 2, 2006, subject to the restrictions imposed by Dr, Rosenbaum. He told many of his fellow workers of his groin injury and was placed on light duty work. According to his deposition he experienced some pain but he worked the whole shift. Scheduled to work the next day, Sims reported to the Clinic for a follow-up at 9:17 in the morning. He was examined and approved for work but was restricted from squatting, from pushing or pulling more than forty pounds and from lifting more than fifteen pounds. He went to work on light duty and worked a full shift on August 3, except for the last 25 minutes he spent resting because of his injury.

On August 4, 2006, Sims returned to his personal physician, Dr. Rice, prior to his afternoon shift. Sims complained that the Clinic doctors would not recommend time off. Dr. Rice recommended that he take three days off, from August 4 through August 6. He was not scheduled to work on August 6. Under the CBA rules, his two day absence amounted to his sixth occurrence even though he submitted a doctor's excuse. Sims then returned to work on August 7, 2006, after seeing the Clinic doctor that morning and being approved to work without restriction. He continued to work through August 18, working twelve-hour shifts August 11 and August 12.

## II. SUMMARY JUDGMENT STANDARDS

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*. Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of

the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

### III. DISCUSSION

Given Sims' work and absence record, Kroger contends that Sims cannot meet the threshold condition of his claim. Sims eligibility for FMLA leave depends on whether he had a serious health condition that made him unable to perform his job. 29 U.S.C. 2612(a)(1). If he had been incapacitated for a period of more than three days at the time of his sixth absence then this case could proceed past the summary judgment stage. Kroger alleges that Sims has failed to show that he had a serious health condition because he was not off work for three days because of incapacity within the meaning of the FMLA.

Whether Sims suffered from a serious health condition is, as offered by Kroger, a question of law. The Department of Labor ("DOL") offers this definition :

> A serious health condition involving continuing treatment by a health care provider includes any one of the following:
>
> (I) A period of incapacity (i.e. inability to work, attend school or perform other daily activities due to a serious health condition, treatment therefore, or recovery therefrom) of more than three consecutive calendar days, and any

>> subsequent treatment or period of incapacity relating to the same condition, that also involves:
>
>> (A) Treatment two or more times by a health care provider, by a nurse or physician's assistant under the direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or referral by, a health care provider; or
>
>> (B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

29 C.F.R. § 825.114(a)(2)(I).

As pointed out by Kroger, the above-referenced regulation illustrates that in order to qualify as a serious health condition involving continuing treatment by a health care provider, the condition in question must bring with it "a period of incapacity (i.e. inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore or recovery therefrom) of more than three consecutive calendar days." In the Seventh Circuit, "in order for an employee to establish that his illness or injury falls [within this definition], a plaintiff must demonstrate the duration of the incapacity lasted more than three consecutive calendar days." *Haefling v. United Parcel Serv., Inc.*, 169 F.3d 494, 499 (7th Cir. 1999).

Sims' position is that he was absent because of incapacity for more than three days. He bases his argument upon the fact that he did not work for the last twenty-five minutes of his shift on August 3, 2006. He argues that, because he did not work those last twenty-five minutes, he was incapacitated for a period that included August 3, 4, 5, and 6.

The parties agree that the period of incapacity must exceed three days. The question is only what incapacity means. The Eleventh Circuit in *Russell v. North Broward Hospital*, 346 F.3d 1335, 1343-44 (11 Cir. 2003), held that the regulation requires full days of incapacity, and not partial days.

Under *Russell*, August 3 would not count as a day of incapacity because Sims claims only that he did not work the last twenty-five minutes of his shift. While the Seventh Circuit has not opined on this issue, the Eleventh Circuit opinion is persuasive and has met no resistance. Both *Schaub v. Fulton Precision Industries*, No. Civ.A. 1CV-03-0980, 2005 WL 1154421 (M.D. Penn 2005), and *Taylor v. Texaco*, 510 F. Supp. 2d 1255 (N.D. Georgia 2007), embrace the *Russell* holding. This Court is also persuaded by the logic of the holding in *Russell*.

Prior to severing its employment ties with Sims, Kroger took two weeks to assess whether the August 4, 5, and 6, absences counted as the sixth and, thus, excessive occurrence under the CBA. Kroger considered the note from Sims doctor that he was unable to work on August 4, 5, and 6. Kroger also considered that Sims was released back to work with no restrictions on August 7. From this Kroger concluded that the period of Sims incapacity was not long enough to qualify as FMLA leave and charged him with the sixth occurrence.

Kroger avers that it discussed the matter of the August absences with Sims. One of Kroger's employees, Sam Watson, explained to Sims that in order to qualify for FMLA leave benefits his period of incapacity would have to have exceeded three days. There is no credible evidence that Sim's injury exceeded three days in duration. Because Sims did not suffer from a serious health condition as defined by the FMLA and the regulations implementing the statute, Kroger's Motion for Partial Summary Judgment is **GRANTED**.

## IV. **CONCLUSION**

For the reasons stated herein, defendant's, The Kroger Company, d/b/a Crossroads Farms Dairy ("Kroger"), Motion for Partial Summary Judgment is **GRANTED**.

IT IS SO ORDERED this 9th day of May, 2008.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Philip J. Gibbons Jr.
GIBBONS JONES, P.C.
pgibbons@gibbonsjones.com

Andrew G. Jones
GIBBONS JONES P.C.
ajones@gibbonsjones.com

Joseph H. Hogsett
BINGHAM MCHALE, LLP
jhogsett@binghammchale.com

Christopher R. Taylor
BINGHAM MCHALE LLP
ctaylor@binghammchale.com