UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN SIMS,  ) | |
|     Plaintiff/Counter-Defendant,  ) | |
| )  | |
| vs.  ) | 1:07-cv-338-LJM-JMS |
| )  | |
| THE KROGER CO., d/b/a  ) | |
| CROSSROAD FARMS DAIRY,  ) | |
|     Defendant/Counter-Plaintiff.  ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

On May 19, 2008, some ten days after this Court granted defendant's, The Kroger Co., d/b/a Crossroad Farms Dairy ("Kroger"), Motion for Partial Summary Judgment finding against plaintiff, John Sims ("Sims"), on his claims under the Family and Medical Leave Act ("FMLA"), Sims filed a retaliation claim. Sims alleges in his counterclaim that Kroger filed its fraudulent inducement claim solely to retaliate against him for filing his FMLA claim. The parties agree that "[t]o prevail on a claim of retaliation a plaintiff must show: (1) [he] engaged in a statutorily-protected expression; (2) [he] suffered an adverse action by [his] employer; and (3) there is a causal link between the protected expression and the adverse action." *Harper v. Realmark Corp.*, No. 4:04-cv-0040-DFH-WGH, 2004 WL 1795392, at *2 (S.D. Ind. July 29, 2004) (citing *Dunning v. Simmons Airlines*, 62 F.3d 863, 869 (7th Cir. 1995)).

The retaliation complained of here is the filing of the counterclaim. The allegation is not that Sims was fired in retaliation for his filing of the law suit. It is not that he was unable to acquire another position because of some post-filing conduct on Kroger's part. His only complaint is that Kroger filed a counterclaim against him based upon information it learned after his suit was filed.

He filed his own counterclaim only after this Court granted summary judgment in favor of Kroger on Sims' FMLA case because there was no credible evidence that he had suffered from a serious health condition as defined by the FMLA and the regulations implementing the statute.

It is important to note that the allegations of Kroger's counterclaim were not asserted as a defense to Sims' FMLA claims. After *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), the law is that after-acquired evidence of a plaintiff's material misrepresentations on an employment application is relevant on the issue of damages and not on the issue of liability. *Id.* at 360-62. Defendants are not alleging that Sims' FMLA case was without merit because of the misrepresentations. Indeed that defense would be unavailing after *McKennon*.

As pointed out by Kroger, the problem with Sims' counterclaim is that Sims can show no adverse action. It is clear from *Herrnreiter v. Chicago Housing Authority*, 315 F.3d 742 (7th Cir. 2002), *cert. denied* 540 U.S. 984 (2003), that "'effective retaliation against employment discrimination need not take the form of job action.'" *Id.* at 746 (quoting *McDonnell v. Cisneros*, 84 F.3d 256, 258-59 (7th Cir 1996)). In this case, however, Kroger's filing of its counterclaim was not in the form of a job action and it did not impact Sims' employment. At the time Sims filed his retaliation claim, a determination had already been made that he had no FMLA case at all. In other words, this Court has found as a matter of law that he was fired for legitimate reasons; Sims cannot now claim that Kroger's counterclaim amounted to retaliation for his filing of the suit.

**CONCLUSION**

For the reasons stated herein, defendant's, The Kroger Co., d/b/a Crossroad Farms Dairy, Motion to Dismiss Sims' Retaliation Counterclaim is **GRANTED**.

IT IS SO ORDERED this 8th day of August, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Philip J. Gibbons Jr.
GIBBONS JONES, P.C.
pgibbons@gibbonsjones.com

Joseph H. Hogsett
BINGHAM MCHALE, LLP
jhogsett@binghammchale.com

Andrew G. Jones
GIBBONS JONES P.C.
ajones@gibbonsjones.com

Christopher R. Taylor
BINGHAM MCHALE LLP
ctaylor@binghammchale.com